**Judge Berman**

08 CV 3512

212-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)

RECEIVED
APR 10 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAC NAVIGATION LTD.,

       Plaintiff,

  -against-

HAWKNET LTD.,

       Defendant.
-----------------------------------------------------------x

08 Civ.

**VERIFIED COMPLAINT**

  Plaintiff MAC NAVIGATION LTD. (hereinafter "MAC NAVIGATION"), for its Verified Complaint against Defendant HAWKNET LTD. (hereinafter "HAWKNET"), alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff MAC NAVIGATION was and still is a business entity duly organized and existing under the laws of a foreign country with an address and place of business at Road Town, VG-Tortola, British Virgin Islands.

3. At all times relevant hereto, Defendant HAWKNET was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Tuition House, 27-37 St. Georges Road, London SW19 4EU, United Kingdom.

4. On or about March 6, 2008, Plaintiff MAC NAVIGATION, in the capacity as disponent owner of the M/V TOLMI, entered into a maritime contract of charter party with Defendant HAWKNET under which Defendant HAWKNET agreed to time charter the vessel. A copy of the "recap" dated March 6, 2008 memorializing the charter is annexed hereto as Exhibit A.

5. The vessel was duly delivered into the service of Defendant HAWKNET and has been performing under the time charter agreement, with HAWKNET paying hire. The two payments of hire that have been made were paid via Defendant HAWKNET's paying agent BROBULK LIMITED, an entity which acts in the capacity as an agent for Defendant HAWKNET for the purpose of receiving, holding and transferring funds. A copy of a credit advice reflecting the initial payment and the second payment of hire for the M/V TOLMI is annexed hereto as Exhibit B demonstrating the payments of hire are made by BROBULK LIMITED.

6. The third hire payment under the charter was due to be paid on April 7, 2008 but was not received.

7.  A protest was lodged by Plaintiff MAC NAVIGATION and confirmation has since been received from Defendant HAWKNET that it will not be in a position to make the third hire payment or any subsequent hire payments, and is repudiating the contract.

8.  The vessel is currently on a laden voyage to Surabaya which the Plaintiff will need to complete despite the above-referenced breach. The sum due under the third hire payment (April 7 – 22) plus the additional hire which will be unpaid for the period up through the anticipated completion of discharge at Surabaya (estimated to be April 27, 2008) will amount in total to $780,000.

9.  In addition to the foregoing, and in view of Defendant HAWKNET's confirmation that it will not perform the balance of the charter, Plaintiff has and will suffer further damages as set forth below:

|   |   |   |
|---|---|---|
| (i) | Hire through completion of laden voyage as per Paragraph 8 above | $780,000 |
| (ii) | Representation expenses through end of laden voyage | $1,000 |
| (iii) | ILOHC expenses | $5,000 |
| (iv) | Loss of hire during anticipated period before next (mitigation) charter (10 days) | $390,000 |
| (v) | Loss of hire based upon difference between anticipated substitute fixture at market rate and c/p rate for balance of charter period (44 days) | $616,000 |
| (vi) | Disbursement expenses at Surabaya | $50,000 |
| (vii) | Port costs at Singapore for bunkering | $3,000 |
| (viii) | Anticipated third party claim by bunker suppliers at Kiel Canal for 130 M/T of IFO at $520/M/T | $67,600 |

|      |       |                                                                                           |            |
|------|-------|-------------------------------------------------------------------------------------------|------------|
|      | (ix)  | Anticipated third party claim by bunker suppliers at Suez for 130 M/T of IFO at $530/M/T  | $68,900    |
|      | (x)   | Anticipated third party claim by bunker suppliers at Seuz for 40 M/T of MDO IFO at $980/M/T | $39,200  |
|      | (xi)  | Balance of MDO needed for vessel To complete voyage                                       | $20,400    |
|      |       | Total Anticipated Damages                                                                 | $2,041,100 |

10. Based upon the foregoing breach, Plaintiff has or will suffer damages as nearly as can be estimated as outlined above in the total sum of $2,041,100.

11. The charter party provides for the application of English Law and any dispute arising thereunder is to be referred to arbitration at London, and Plaintiff MAC NAVIGATION specifically reserves its right to arbitrate the substantive matters at issue.

12. This action is brought to obtain jurisdiction over the Defendant, security in favor of Plaintiff MAC NAVIGATION in respect to its claims against Defendant and in aid of the London Arbitration proceedings and to compel Defendant's appearance in the arbitration.

13. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorneys' fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

14. This action is further brought to obtain security for the additional sums which are recoverable including Plaintiff's anticipated attorneys' and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

15. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $340,000, and interest on its damages are

estimated to be $500,069.50 (calculated at the rate of 7% for a period of 3.5 years, the estimated time for completion of the proceedings in London) including any appeal of any arbitration award issued. Further, and to the extent further breaches may occur when additional hire becomes due, Plaintiff reserves the right to amend the Complaint and seek additional security in respect to any further breaches.

### Request for Rule B Relief

16.     Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or in the name of its paying and/or funding agent BROBULK LIMITED, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17.     The total amount to be attached pursuant to the calculations set forth above is $2,902,730.

WHEREFORE, Plaintiff MAC NAVIGATION LTD. prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.  That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including

$2,902,730 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit, and/or in the name of its paying agent and/or funding agents BROBULK LIMITED, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any subsequent enforcement action as may be necessary; and

d. For such other, further and different relief, as the Court may deem just and proper in the premises.

Dated: New York, New York
April 10, 2008

FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
MAC NAVIGATION LTD.

By: _____
Peter J. Gutowski (PG 2200)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
10th day of April, 2008

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/302381.1

7